IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 08-14 |
| ) | Judge Nora Barry Fischer |
| CHARLES A. KIGER, SR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Presently before the Court is a "Motion to Amend Judgment" (Docket No. 200) filed *pro se* by Defendant Charles A. Kiger Sr., a federal inmate who is incarcerated at FCI-Morgantown and serving a 47 month sentence imposed by this Court as a result of his mail fraud conviction. In his Motion, Defendant requests that the Court amend the criminal judgment against him to permit him to serve the remainder of his sentence in home confinement and enable him to obtain necessary medical care that is allegedly not being provided to him by the Bureau of Prisons while incarcerated. (Docket No. 200). For the following reasons, said Motion [200] is DENIED.

To the extent that Defendant challenges the validity of the sentence imposed by this Court and argues that his sentence should be reduced and that he should be released to home confinement, his claim is properly construed as seeking relief under 28 U.S.C. § 2255. *See United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (quoting *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) ("federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.")); *see also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion under section "2255 must be used to raise a challenge to the validity of a conviction or sentence…"). However, this Court

previously held that Defendant waived his right to file a § 2255 motion in his plea agreement with the Government and dismissed his first § 2255 motion. *See United States v. Charles Kiger, Sr.*, Cr. No. 08-14, 2011 WL 3809949 (W.D.Pa. Aug. 26, 2011). For the same reasons, Defendant's present § 2255 motion is barred by the valid waiver in his plea agreement and must be dismissed. *See id.* In addition, Defendant is statutorily barred from pursuing a second or successive § 2255 motion in this Court absent certification from the United States Court of Appeals for the Third Circuit that he is authorized to bring such a motion. *See* 28 U.S.C. § 2255(h) ("a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). It is clear that Defendant has not obtained such a certification from the Court of Appeals. Thus, even without enforcement of the valid waiver, Defendant's motion is not properly before this Court.

Finally, to the extent that Defendant's Motion challenges the conditions of his confinement in FCI-Morgantown, including his allegations that he has been subject to deficient medical treatment, this Court does not have jurisdiction to consider such claims, which must be brought in an action under *Bivens v. Six Unknown Agents of Bureau of Narcotics*, 403 U.S. 388 (1971), against prison authorities in the jurisdiction where a defendant is incarcerated. *See Ramirez v. Quintana*, 2011 WL 4955142, at *1 (W.D.Pa. Oct. 18, 2011) (quoting *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) ("matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated.")). Indeed, Defendant admits that he has already filed

a civil action against the warden of FCI-Morgantown alleging a claim under *Bivens* in the United States District Court for the Northern District of West Virginia. *See Kiger v. Timothy Stewart, et al.*, Civ. A. No. 2:11-cv-00070 (N.D. W.Va. filed 2011). Therefore, his claims must be adjudicated before that court and this Court lacks jurisdiction over his challenges to the medical care provided to him by the Bureau of Prisons.

For these reasons, it is hereby ORDERED that Defendant's Motion [200] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: April 4, 2012

cc/ecf: All counsel of record

cc: Charles A. Kiger, Sr., *pro se*
    04432-068
    FCI Morgantown
    Morgantown, WV 26507-1000